**19MAG 7096**

ORIGINAL

Approved: _____
JULIANA MURRAY
Assistant United States Attorney

Before: HONORABLE ONA T. WANG
United States Magistrate Judge
Southern District of New York

- - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- v. -

JONATHAN SALDIVAR and
ANA MARIA VASQUEZ,

Defendants.

- - - - - - - - - - - - - - - X

COMPLAINT

Violation of 21 U.S.C. § 846

COUNTY OF OFFENSE: BRONX

SOUTHERN DISTRICT OF NEW YORK, ss.:

CARL DeFILIPPO, being duly sworn, deposes and says that he is a Special Agent with the Department of Homeland Security, Homeland Security Investigations ("HSI"), and charges as follows:

**COUNT ONE**
(Narcotics Conspiracy)

1. On or about at least July 30, 2019, in the Southern District of New York and elsewhere, JONATHAN SALDIVAR and ANA MARIA VASQUEZ, the defendants, and others known and unknown, intentionally and knowingly did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States.

2. It was a part and object of the conspiracy that JONATHAN SALDIVAR and ANA MARIA VASQUEZ, the defendants, and others known and unknown, would and did distribute and possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

3. The controlled substance that JONATHAN SALDIVAR and ANA MARIA VASQUEZ, the defendants, conspired to distribute

and possess with intent to distribute was mixtures and substances containing five kilograms and more of cocaine, in violation of Title 21, United States Code, Section 841(b)(1)(A).

(Title 21, United States Code, Section 846.)

The bases for my knowledge and the foregoing charges are, in part, as follows:

4. I am a Special Agent with HSI. I have been personally involved in the investigation of this matter. This Affidavit is based upon my personal participation in the investigation, my examination of reports and records, and my conversations with other law enforcement agents and other individuals. Because this Affidavit is being submitted for the limited purpose of demonstrating probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

5. Based on my participation in this investigation, including my review of documents and other reports and my conversations with other law enforcement officers, I am aware that the following occurred on or about July 30, 2019, among other things:

a. Law enforcement conducting surveillance in the Bronx, New York observed two individuals subsequently identified as JONATHAN SALDIVAR, the defendant, and another coconspirator not charged herein ("CC-1"), driving a particular car ("Car-1") in the vicinity of [~~street corner~~] MORRIS AVE +

b. Law enforcement observed SALDIVAR park Car-1, exit the driver's seat, and walk to another car parked nearby ("Car-2"). SALDIVAR opened the tailgate of Car-2 and then closed the tailgate and returned to Car-1.

c. A short time later, law enforcement saw SALDIVAR, driving Car-1, pull up in front of a nearby building (the "Building") in the vicinity of Morris Avenue and 184th Street in the Bronx, New York. An individual subsequently identified as ANA MARIA VASQUEZ, the defendant, walked out of the Building and approached Car-1. Law enforcement observed CC-1, who was sitting in the passenger seat of Car-1, hand a black plastic bag ("Bag-1") to VASQUEZ through the passenger window of

Car-1. VASQUEZ took Bag-1 and started walking back toward the Building.

d. Law enforcement approached VASQUEZ and requested consent to search Bag-1, which consent VASQUEZ provided. Law enforcement recovered from inside Bag-1 approximately two one-kilogram bricks of a white powdery substance that field-tested positive for the presence of cocaine.

e. Law enforcement then approached Car-1 and requested consent to search Car-1. SALDIVAR provided consent to a search of Car-1. During the search of Car-1, law enforcement recovered, among other things, approximately $4,500 in United States currency inside a black plastic bag in the middle console of Car-1.

f. SALDIVAR then provided law enforcement with the keys to Car-2 and gave law enforcement consent to search Car-2. During the search, law enforcement recovered, among other things, a book bag, which contained approximately six one-kilogram bricks of a white powdery substance, a scale, and plastic baggies. The white powdery substance field-tested positive for the presence of cocaine. Based on my training and experience, I know that the scales and plastic baggies like those found inside Car-2 are commonly used by drug dealers to package narcotics for distribution.

g. VASQUEZ provided law enforcement with consent to search of her apartment, which was located inside the Building. During the search of VASQUEZ's apartment, law enforcement recovered, among other things, approximately $125,000 in United States currency in a bag on the floor of one of the bedrooms.

h. SALDIVAR and VASQUEZ were subsequently arrested and advised of their *Miranda* rights.

i. SALDIVAR verbally waived his *Miranda* rights and agreed to speak with law enforcement. SALDIVAR then stated, in substance and in part, that, earlier that day on or about July 30, 2019, he had picked up a bag containing what he believed to be kilograms of drugs from an unknown man in New Jersey and put them in Car-2. SALDIVAR said that he was instructed to give certain of those drugs to a particular woman who would be at a particular location (*i.e.*, the approximate location of the Building). Finally, SALDIVAR informed law enforcement that, prior to his arrest, he retrieved two bricks

3

of those drugs from Car-2, that he directed CC-2 to give the bag containing those two bricks (*i.e.* Bag-1) to VASQUEZ, and that he had done so in exchange for cash payment.

                ii.        VASQUEZ verbally waived her *Miranda* rights and agreed to speak with law enforcement. VASQUEZ then stated, in substance and in part, that she was instructed to pick up a bag (*i.e.*, Bag-1) containing what she believed to be money and to hold it until she received instructions on her phone regarding to whom to provide the money. VASQUEZ further explained that, after retrieving Bag-1 from CC-1, she looked inside the bag and discovered that Bag-1 contained what she believed were narcotics.

WHEREFORE, I respectfully request that JONATHAN SALDIVAR and ANA MARIA VASQUEZ, the defendants, be imprisoned or bailed, as the case may be.

_____
Special Agent Carl DeFilippo
Department of Homeland Security
Homeland Security Investigations

Sworn to before me this
31st day of July, 2019

_____
THE HONORABLE ONA T. WANG
United States Magistrate Judge
Southern District of New York

4